**LAW OFFICES OF DAVID CARLEBACH, ESQ.**
David Carlebach, Esq.
55 Broadway
Suite 1902
New York, NY 10006
Tel: (212) 785-3041
Fax: (347) 472-0094
Email: david@carlebachlaw.com

*Counsel for the Movant, 1279 St. John's Place*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**In re:**

**EVERTON ALOYSIUS STERLING**

**Debtor.**
-----------------------------------------------------------x

**Chapter 7**

**Case No. 14-12608-SHL**

**OBJECTION TO DEBTOR'S (i) MOTION FOR A PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER AND (ii) MOTION TO
STRIKE THE MOTION OF 1279 ST. JOHN'S PLACE
FOR RELIEF FROM THE AUTOMATIC STAY**

1279 St. John's Place, LLC, the Secured Creditor and Mortgagee (the "Movant") herein, by its attorneys, the Law Offices of David Carlebach, as and for its objection (the "Objection") to the (i) Motion (the "Preliminary Injunction Motion") of Everton Alyosius Sterling (the "Debtor") for a Preliminary Injunction and Temporary Restraining Order, and (ii) the Motion (the "Motion to Strike") of the Debtor to Strike the Motion of 1279 St. John's Place for Relief from the Automatic Stay (the "Lift Stay Motion"), respectfully represents as follows:

1.      As an initial matter, both the Debtor's Preliminary Injunction Motion and the Debtor's Motion to Strike are almost completely incomprehensible, and his statements and requests have no basis in law.

**The Motion to Lift Stay of 1279 St. John's Place is NOT Barred by the Doctrine of Laches**

2.  The Debtor's first argument that the Movant is barred from pursuing the Lift Stay Motion due to the doctrine of laches has no merit.

3.  In that regard, the Second Circuit provides for laches where "(1) the moving party delayed asserting the claim despite the opportunity to do so; (2) the non-moving party lacked knowledge that the claim might be asserted; and (3) the non-moving party would be prejudiced if the claim were permitted to go forward." In re Gucci, 197 Fed. Appx 58, 60 (2d Cir. 2006).

4.  Here, none of the three factors laid out in Gucci are applicable.

5.  Firstly, the Movant did not delay asserting the claim. Although the Movant filed its motion to lift the stay (the "Lift Stay Motion") about a year after the bankruptcy filing, it was only because the Movant believed that this case would be immediately dismissed with prejudice due to the Debtor's ludicrous filings that have no basis in law, the Debtor's wildly inconsistent statements, the Debtor's failure to fit the requirements of a Chapter 7 Debtor and the Debtor's failure to comply with the requests of the U.S. Trustee. The Movant did not want to multiply court proceedings unnecessarily.

6.  It was upon the filing of an adversary proceeding by the U.S. Trustee against the Debtor on July 27, 2015, that the Movant filed its Lift Stay Motion. Although the Movant believes that this case will ultimately be dismissed with prejudice, the filing of the adversary proceeding will necessitate the extension of the bankruptcy case beyond the time frame expected by the Movant. As such, the Movant filed the Lift Stay Motion so that it won't have to wait any longer to proceed with its foreclosure proceedings in state court.

7.  Secondly, the Debtor did not lack knowledge that a claim might be asserted by the Movant. The Movant holds a mortgage and note on four properties owned by the Debtor for which

2

it is owed over $800,000.00. The Movant has filed and prosecuted a foreclosure action in state court, so the Debtor certainly had knowledge that the Movant wishes to recover its claim and that it would file a lift stay motion if necessary.

8.      Thirdly, the Debtor would not be any more prejudiced if the Lift Stay Motion were granted now, then if it were granted at the beginning of the case. Not much has happened in this bankruptcy case since it was filed, and no move towards discharge has occurred. Thus, there the filing of the Lift Stay Motion now, rather than earlier in this bankruptcy case, will affect the Debtor's dischargeability in exactly the same way.

9.      In addition to the fact that the test for laches has not been met, there is no statutory deadline for creditors to move for the lifting of the automatic stay. See 11 U.S.C. §362.  As such, the Debtor's Preliminary Injunction Motion and the Debtor's Motion to Strike should both be denied.

### The Movant is NOT Seeking to Contest the Debtor's Dischargeability

10.     The Debtor's second assertion, that the Movant failed to challenge a discharge by this Court's deadline, similarly has no merit.  The Movant is not moving to challenge the Debtor's discharge. The Movant merely wants the automatic stay lifted so that it can proceed with the foreclosure action in state court.

11.     As stated above, the Movant is not barred by the doctrine of laches nor is there a deadline for a creditor to file a motion to lift the automatic stay.

12.     Thus, Debtor's Preliminary Injection Motion and the Debtor's Motion to Strike should both be denied.

**The Movant's Counsel is Admitted in the S.D.N.Y.**

13. The Debtor's claim that the Lift Stay Motion should be denied because that Movant's counsel did not file an application to appear *pro hac vice*, is absurd.

14. Movant's counsel has been admitted to practice before this Court since 1991, and thus, there is no need for him to fil a *pro hac vice* application.

**WHEREFORE**, the Movant respectfully requests that the Court deny the Debtor's Preliminary Injunction Motion and the Debtor's Motion to Strike, and grant such other further and different relief as may be just and proper.

Dated: New York, New York
October 23 2015

LAW OFFICES OF DAVID CARLEBACH, ESQ.
*Counsel for the Movant, 1279 St. John's Place*

By: /s/ David Carlebach (DC-7350)
David Carlebach (DC-7350)
55 Broadway, Suite 1902
New York, New York 10006
Tel: (212) 785-3041
Fax: (646) 355-1916
Email: David@carlebachlaw.com