**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                                    Chapter 7

EVERTON ALOYSIUS STERLING                           Case No. 14-12608-shl

                Debtor.
------------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER GRANTING
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Before the Court is the Motion for Relief from the Automatic Stay (the "Motion") [ECF No. 123], filed by Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2006-FF6, Mortgage Pass-Through Certificates, Series 2006-FF6 ("Deutsche Bank" or the "Movant"). The Motion seeks relief from the automatic stay under Section 362(d) of the Bankruptcy Code for the real property located at 726 E. 219 Street, Bronx, New York 10469 (the "Property"), which is currently owned by Mr. Everton Sterling (the "Debtor").[1]  The Movant seeks this relief to proceed with a foreclosure based on a judgement entered by the Bronx County Supreme Court on May 19, 2010.  *See* Foreclosure Judgement, Exhibit A to the Reply Affirmation in Support of Motion for Relief from the Automatic Stay (the "Reply Affirmation") [ECF No. 130-1].  The Debtor has opposed the motion and seeks relief against Deutsche Bank.  *See* Debtor's Opposition to Motion for Relief from Automatic Stay and Motion Seeking Recognition of the Equitable Estoppel of Deutsche Bank's Claim Against Debtor's Estate Pursuant to Violations of the FDCPA, RESPA, TILA, SEC, UCC, and the 14th Amendment to the Constitution of the United

---

[1] In past matters before this Court, Mr. Sterling has argued that he should not be referred to as "the Debtor," but instead makes a distinction between himself as a "natural person" and as a "juristic person." *In re Sterling*, Bankr. S.D.N.Y. Case No. 16-13312 [ECF No. 11].  But as was recognized by the District Court in another matter arising out of the bankruptcy filings of Mr. Sterling, Mr. Sterling is a debtor as that term is used in the Bankruptcy Code. *See In re Sterling*, 2017 WL 4862791, at *2 (S.D.N.Y. Oct. 26, 2017) (holding that this Court "correctly concluded that Sterling, the judgment creditor, was, in fact and in law, Sterling, the judgment debtor, and that a debtor may not file an involuntary petition against himself.").

States of America (the "Opposition Motion") [ECF No. 129]. In his Opposition Motion, the Debtor argues that Deutsche Bank should be barred from seeking relief from the automatic stay due to a lack of standing and other issues with respect to the judgement entered by the Bronx County Supreme Court. For the reasons set forth below, the Movant's request for relief from the automatic stay is granted, and the Debtor's Opposition Motion is denied.

## BACKGROUND

On February 24, 2006, First Franklin Bank made a mortgage loan to Mr. Howard White, with an original principle sum of $448,000.00 (the "Mortgage"). Mr. White, who is not a party to this proceeding, pledged the Property as security for the underlying note, dated February 24, 2006 (the "Note"). *See* Note and Mortgage, Exhibit A to the Motion [ECF No. 123-1]. First Franklin Bank was the original holder of the Note and Mortgage, before assigning them to Deutsche Bank on May 1, 2008 via the Mortgage Electronic Registration System, which acted as a nominee for Howard White. *See* Assignment of Mortgage, Exhibit B to the Motion [ECF No. 123-2]. Mr. White was the owner of the Property and was the mortgagee at the time of the assignment. *Id.*

Howard White subsequently defaulted under the terms of the Note and Mortgage, as he failed to make any payments beginning at least in March of 2008. *See* Affidavit of Ami McKernan, Exhibit E to the Motion [ECF No. 123-5]. As a result, Deutsche Bank commenced a foreclosure action by filing a Complaint and Notice of Pendency of Action on June 24, 2008, in the Bronx County Supreme Court [Index No. 381213/2008]. *See* Foreclosure Judgement, Exhibit A to the Reply Affirmation. That court entered a Judgement of Foreclosure and Sale on May 19, 2010 (the "Foreclosure Judgement"). *Id.*

On or about June 27, 2008, the original borrower, Howard White, executed a deed purporting to grant ownership of the Property to the Debtor, Everton Sterling. *See* Deed of Property, Exhibit C to the Motion [ECF No. 123-3]. This was three days after Deutsche Bank commenced the foreclosure action and almost four months after Mr. White's earliest recorded missed payment in March, 2008. The Debtor is not an obligor on the Note or Mortgage but took title to the Property subject to the terms of the recorded Mortgage. Reply Affirmation ¶ 4; *see also* Note and Mortgage, Exhibit A to the Motion; Deed of Property, Exhibit C to the Motion. The Debtor is in default, having not made any payments on the Mortgage since accepting ownership of the Property subject to its terms. *See* Worksheet by Ami McKernan, Exhibit D to the Motion [ECF No. 123-4]; *see also* Affidavit of Ami McKernan, Exhibit E to the Motion. As of June 9, 2017, the total amount outstanding on the Mortgage, including principal, interest and miscellaneous charges, was $918,794.47, and there have been not less than 112 missed payments. *See* Worksheet by Ami McKernan, Exhibit D to the Motion.

On September 15, 2014, the Debtor filed a petition under Chapter 7 of the Bankruptcy Code, which imposed an automatic stay under the Bankruptcy Code.[2] Motion ¶ 8. The Movant

---

[2] The Debtor has appeared before this Court prior to this Motion on other matters in his bankruptcy case. The Court previously granted a separate motion for relief from the automatic stay filed by another creditor. *See In re Sterling*, 543 B.R. 385 (Bankr. S.D.N.Y. 2015), *aff'd*, 565 B.R. 258 (S.D.N.Y. 2017). The Debtor appealed that decision. *See Sterling v. Carlebach (In re Sterling)*, Case No. 16-cv-00351 (S.D.N.Y. Mar. 30, 2016) (dismissal for failure to timely file appeal), *aff'd*, 690 Fed. App'x 747 (2d Cir. May 19, 2017); *see also Sterling v. 1279 St. Johns Place LLC (In re Sterling)*, 565 B.R. 258, 263 (S.D.N.Y. 2017) (affirming denial of the Debtor's motion for additional findings), *appeal docketed*, Case No. 17-94 (2d Cir. April 4, 2017) (still pending). In July 2015, the U.S. Trustee filed a complaint to commence an adversary proceeding objecting to the Debtor's discharge pursuant to Sections 727(a)(3), 727(a)(5), and 727(a)(6) of the Bankruptcy Code based on the Debtor's alleged failure to fully disclose his financial situation. In that adversary proceeding, the Debtor filed his own third party complaint against various parties, which was dismissed. *See Harrington v. Sterling (In re Sterling)*, 558 B.R. 671 (Bankr. S.D.N.Y. 2016) (dismissing Debtor's third party complaint alleging that government officials negligently administered his bankruptcy case).

The Debtor also filed an involuntary Chapter 7 proceeding against himself in this Court. The case was dismissed on November 22, 2016. *In re Everton Sterling*, Bankr. S.D.N.Y. Case No. 16-13312 [ECF No. 11]. That dismissal was affirmed on appeal. *In re Sterling*, 2017 WL 4862791 (S.D.N.Y. Oct. 26, 2017).

3

filed the Motion to proceed with the Foreclosure Judgement on July 7, 2017. The Debtor filed his Opposition Motion in response on August 1, 2017. The Movant then filed the Reply Affirmation in response on September 5, 2017. During the hearing held on September 13, 2017, the Court requested that Movant provide further evidence that Deutsche Bank was in possession of the Note. *See* Hr'g Tr. 21:6-14 (Sept. 13, 2017) [ECF No. 134]. On October 24, 2017, the Movant filed the Affirmation of Nicholas J. Raab, an officer of Specialized Loan Servicing LLC, Deutsche Bank's loan servicing agent, confirming that Deutsche Bank had been in possession of the Note since March 22, 2006. *See* Affirmation of Nicholas J. Raab ¶ 7, Exhibit A to Supplemental Affirmation in Support of Motion for Relief from the Automatic Stay (the "Supplemental Affirmation") [ECF No. 138-1]. The Debtor subsequently filed an opposition to the supplemental pleadings of Deutsche Bank. *See* Judicial Notice by Affidavit of Everton Aloysius Sterling in Opposition of Motion for Relief for Stay, the Affirmation of Karen Sheehan, Esq., and the Affidavit of Nicholas J. Raab of Specialized Loan Servicing LLC (the "Debtor's Additional Filing") [ECF No. 140].

## DISCUSSION

Section 362(d)(1), provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic] stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest. . . ." 11 U.S.C. § 362(d)(1).

  A. *Standing to Seek Relief from the Automatic Stay*

"[G]ranting or denying a stay relief motion is not and should not be considered a determination of the ultimate enforceability or unenforceability of the note and lien at issue. Conversely, a lift stay motion cannot be brought by a stranger to the case." *In re Escobar*, 457

4

B.R. 229, 236 (Bankr. E.D.N.Y. 2011). Under Section 362(d), therefore, a request to lift the automatic stay must be made by "a party in interest." *In re Lippold*, 457 B.R. 293, 296 (Bankr. S.D.N.Y. 2011). While the term "party in interest" is not defined by the Bankruptcy Code, the Second Circuit has stated that "in order to invoke the court's jurisdiction to obtain relief from the automatic stay, the moving party [must] be either a creditor or a debtor." *In re Mims*, 438 B.R. 52, 55 (Bankr. S.D.N.Y. 2010) (citing *In re Comcoach*, 698 F.2d 571, 573 (2d Cir.1983)).

Section 101(10) of the Bankruptcy Code defines a "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). A "claim" is, in turn, defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5)(A). Courts in this jurisdiction have stated that a party can demonstrate a right to payment by showing that it holds the ability to seek the state law remedy of foreclosure. *See Mims*, 438 B.R. at 56 (citing *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) (finding that a mortgage foreclosure was a "right to payment" against the debtor)); *see also Escobar*, 457 B.R. at 239 ("[T]he evidence necessary to establish standing to seek stay relief to commence or continue a foreclosure action should include a demonstration that the movant has the right under applicable state law to enforce the mortgage; however, standing should not require evidence which would be necessary to prevail over a claim objection or to prevail in an adversary proceeding asserting that the claimant does not hold a valid, perfected and enforceable lien.").

"Under New York law, a plaintiff has standing to commence a mortgage foreclosure action 'where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced.'" *Lippold*, 457 B.R. at 296–97

5

(quoting *Bank of N.Y. v. Silverberg*, 926 N.Y.S.2d 532, 536 (2d Dep't 2011)). "While the transfer of the mortgage without the promissory note is a nullity, once a promissory note is transferred from assignor to assignee, 'the mortgage passes as an incident to the note.'" *Lippold*, 457 B.R. at 297 (quoting *Silverberg*, 926 N.Y.S.2d at 537); *see also Escobar*, 457 B.R. at 240 ("New York law has long recognized that the rights under a mortgage lien are beneficially transferred to the assignee of a promissory note, without the execution of a written assignment of the mortgage, and even without a written assignment of the mortgage.").

"Under New York law, [a] Movant can prove that [it] is the holder of the Note by providing the Court with proof of a written assignment of the Note, or by demonstrating that [it] has physical possession of the Note endorsed over to it." *Escobar*, 457 B.R. at 240 (quoting *In re Agard*, 444 B.R. 231, 246 (Bankr. E.D.N.Y. 2011)); *see also Mims*, 438 B.R. at 56. Proper endorsement of a note can be accomplished through an allonge firmly affixed to the note. *See Deutsche Bank Trust Co. Ams. v. Codio*, 943 N.Y.S.2d 545, 546 (2d Dep't 2012); *see also HSBC Bank USA v. Thomas*, 999 N.Y.S.2d 671, 674 (Sup. Ct. Kings County 2014) ("The endorsement must be made either on the face of the note or on an allonge so firmly affixed to the note as to become a part thereof.") (citing U.C.C. Section 3–202(2)).

The Movant here has established standing to lift the automatic stay as to the Property. The Movant has provided the Court with proof of the written Note and Mortgage. *See* Note and Mortgage, Exhibit A to the Motion. Specifically, a photocopy of the Note was presented as an exhibit to the Motion. *See id.* Movant also provided evidence of its possession of the original Note, through an affirmation from Nicholas J. Raab. *See* Exhibit A to the Supplemental Affirmation. Movant has also provided evidence that reflects the assignment of the Note and Mortgage from First Franklin Financial Corporation to Deutsche Bank on May 1, 2008. *See*

6

Assignment of Mortgage, Exhibit B to the Motion. Signed by witnesses Carla Robinson and RayAnn Reidell, the assignment document states, "the full benefit of all the powers and of all the covenants and Provisions therein contained, and the said Assignor hereby grants and conveys Unto the said Assignee, the Assignor's beneficial interest under the Mortgage." *Id.* Movant produced copies of the assignment documents, Note, and Mortgage to the Court in its July 7, 2017 filing of the Motion. *See* Motion. Movant further filed the Affirmation by Nicholas J. Raab confirming that Deutsche Bank had been in possession of the Note since March 22, 2006. Affirmation of Nicholas J. Raab ¶ 7, Exhibit A to Supplemental Affirmation.[3] Accordingly, the Court concludes that the Movant is the possessor of the Note and has standing to seek to lift the automatic stay as to the Property.

The Debtor has requested certain discovery, such as the Note itself and the retention agreement between Deutsche Bank and its counsel.[4] *See, e.g.,* Hr'g Tr. 12:21-22 (Sept. 13, 2017). However, the Debtor has not identified any legitimate issue of fact that would warrant any discovery beyond the information already before the Court, which includes a copy of the Note and an affidavit attesting to the Movant's possession of the original. The Court will not permit him to seek discovery in these circumstances based on mere speculation. *In re Sterling*, 543 B.R. at 391 (*citing Green Tree Servicing LLC v. Christodoulakis*, 136 F. Supp.3d 415, 429 (E.D.N.Y. 2015) ("[D]efendants have not identified any specific discovery that remains outstanding that would reasonably be expected to raise a genuine issue of material fact with respect to plaintiff's claim against Olga to recover on the Note. . . . Defendants' contention that

---

[3]     According to the Affirmation of Nicholas Raab, the custodial file including the original Note was requested by Specialized Loan Servicing from Deutsche Bank on September 8, 2017, and it was shipped to Deutsche Bank's counsel, Frenkel Lambert Weiss Weissman & Gordon, LLP on October 19, 2017. *See* Affirmation of Nicholas J. Raab ¶ 8, Exhibit A to Supplemental Affirmation.

[4]     While the Debtor did not appear to seek discovery in his Opposition Motion, he did make such a request during the hearing on September 13, 2017.

7

additional discovery would help determine whether plaintiff was a 'holder in due course,' . . . is misplaced, since, absent a valid defense, an entity need only be a mere holder of a promissory note indorsed 'in blank' in order to enforce payment thereunder, and need not be a holder in due course."); *c.f. Tennenbaum Capital Partners LLC v. Kennedy*, 2009 WL 2524683, at \*5 (S.D.N.Y. Aug. 14, 2009) (stating with respect to discovery request under Rule 56(f) that "Defendant proffers no good faith basis for belief that discovery would produce any information contrary to Plaintiff's declarations and the Court will not permit Defendant to engage in a fishing expedition based on mere speculation."); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 496 B.R. 713, 725 (Bankr. S.D.N.Y. 2013) ("Rule 26 discovery requests should not be 'based on pure speculation or conjecture,' and many courts have 'routinely declined to authorize fishing expeditions.'") (quoting *Surles v. Air France*, 2001 WL 815522, at \*4 (S.D.N.Y. July 19, 2001)). Furthermore, the Court is not required to hold a full-blown evidentiary hearing on a motion to grant relief from the automatic stay where it is unnecessary to do so. *See Intelligent Mailing Solutions, Inc. v. Ascom Hasler Mailing Sys., Inc.*, 2006 WL 414066, at \*5–6 (N. D. Ohio Feb. 21, 2006); *Global Cable, Inc. v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 2006 U.S. Dist. LEXIS 37112, at \*14–15 (S.D.N.Y. Apr. 7, 2004).[5]

    B.  <u>Cause for Granting Relief from the Automatic Stay</u>

Having found that the Movant has standing to seek relief from the automatic stay, the Court turns to the merits of the Motion. The Movant argues that it lacks adequate protection due to the failure of the Debtor to make post-petition payments. *See* 11 U.S.C. § 362(d)(1) (court shall grant relief from the automatic stay for cause). "[T]he failure to make mortgage payments

---

[5]     The Debtor filed a pleading in response to the Supplemental Affidavit provided by the Movant. *See* Debtor's Additional Filing. The Debtor's Additional Filing largely restates the arguments previously made by the Debtor and does not provide a basis for this Court to disregard the Supplemental Affidavit provided by the Movant.

constitutes 'cause' for relief from the automatic stay and is one of the best examples of a 'lack of adequate protection' under Section 362(d)(1) of the Bankruptcy Code." *In re Schuessler*, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008); *see also Campora v. HSBC Bank USA, N.A. (In re Campora)*, 2015 WL 5178823, at *5 (E.D.N.Y. Sept. 3, 2015) ("A debtor's failure to make postpetition mortgage payments constitutes sufficient cause to modify an automatic stay."); *In re Elmira Litho, Inc.*, 174 B.R. 892, 903 (Bankr. S.D.N.Y. 1994) ("Without quantifying the decline in value, the creditor can often establish its prima facie case by demonstrating that the debtor has completely failed, or substantially failed, to make post-petition payments."). In this case, no payments of any kind have been made on the Mortgage since at least March 1, 2008. *See* Worksheet by Ami McKernan ¶ 13, Exhibit D to the Motion. The Debtor has not provided any evidence of postpetition payments, or any payments at all, on the Mortgage, and no evidence has been presented that the Movant is adequately protected. *See generally* Hr'g Tr. (Sept. 13, 2017); Opposition Motion.[6] The Movant states that as of the day of the bankruptcy filing, the total amount owed on the Property was $918,794.47. *See* Worksheet by Ami McKernan ¶ 5, Exhibit D to the Motion. The total amount due also does not appear to be contested.

When determining whether "cause" exists to grant relief from the automatic stay for pre-petition litigation, courts in this jurisdiction consider the following factors (the "Sonnax Factors"):

> (1) whether relief would result in a partial or complete resolution of the issues;
> (2) lack of any connection with or interference with the bankruptcy case;
> (3) whether the other proceeding involves the debtor as a fiduciary;
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action
> (5) whether the debtor's insurer has assumed full responsibility for defending [the action];
> (6) whether the action primarily involves third parties;

---

[6] The Court notes that the Debtor also did not dispute his lack of mortgage payments as to the other property that was the subject of the prior motion to lift stay. *In re Sterling*, 543 B.R. at 389.

9

(7) whether litigation in another forum would prejudice the interests of other creditors;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;
(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceeding; and
(12) the impact of the stay on the parties and the balance of harms.

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1286 (2d Cir. 1990). Not all of the *Sonnax* Factors are relevant in every case, and "cause" is a broad and flexible concept that must be determined on a case-by-case basis. *Spencer v. Bogdanovich (In re Bogdanovich),* 292 F.3d 104, 110 (2d Cir. 2002) (citing *Mazzeo v. Lenhart (In re Mazzeo),* 167 F.3d 139, 143 (2d Cir. 1999)).

The Court finds that the majority of the *Sonnax* Factors that are applicable to this case support granting relief from the automatic stay for the Movant to proceed with the Foreclosure Judgement.[7] Specifically, granting relief from the automatic stay to proceed with the Foreclosure Judgement will result in a resolution of the issues relating to the Property and will not significantly interfere with the ongoing bankruptcy case, which is being administered by a Chapter 7 Trustee. The state court clearly has the expertise to address the foreclosure issues. *See, e.g., In re Residential Capital, LLC,* 2012 WL 3423285, at *7 (Bankr. S.D.N.Y. Aug. 14, 2012) (noting that state court is in the best position to address state law defenses to foreclosure). Any litigation related to the Foreclosure Judgement will not prejudice other creditors as there is no equity in the Property, and the Chapter 7 Trustee would be notified of any surplus monies

---

[7] The Court finds that the following factors are not applicable with respect to the Motion currently being considered: (3) whether the other proceeding involves the debtor as a fiduciary; (5) whether the debtor's insurer has assumed full responsibility for defending the action; (6) whether the action primarily involves third parties; (8) whether the judgement claim arising from the other action is subject to equitable subordination; and (11) whether the parties are ready for trial in the other proceeding.

10

resulting from the sale of the Property. *See* Worksheet by Ami McKernan, Exhibit D to the Motion. Deutsche Bank's success would not result in a judicial lien avoidable by the Debtor. Most importantly, the interests of judicial economy will be met by granting relief from the stay and moving forward in the state court. *See, e.g., In re Cicale,* 2007 WL 1893301, at *4 (Bankr. S.D.N.Y. June 29, 2007) (noting that allowing litigation to proceed in the state court "will provide the most efficient and economical resolution of the litigation because the . . . action may alleviate the need for any further proceedings in the bankruptcy court.").

Additionally, the balance of the harms clearly tips in the Movant's favor, due to a long history of non-payment on the Property. *See, e.g., Thompson v. JP Morgan Chase Bank, N.A. (In re Thompson),* 2012 WL 739384, at *6 (E.D.N.Y. Mar. 8, 2012) (in considering the *Sonnax* Factors, finding cause where the debtor was not making mortgage payments, secured creditor had begun foreclosure proceedings in state court, and secured creditor continued to expend money for taxes and insurance on the property in question). Indeed, no payments have been made towards the Mortgage on this Property since at least March of 2008. *See* Worksheet by Ami McKernan, Exhibit D to the Motion. The ongoing Chapter 7 case (which began more than three years ago in September of 2014) and related adversary proceedings have continued to delay Deutsche Bank from moving forward with the Foreclosure Judgement it obtained in state court over seven years ago, thus increasing the harm to the Movant. *See* Foreclosure Judgement, Exhibit A to the Reply Affirmation. Therefore, given the applicable *Sonnax* Factors, it is appropriate to grant relief from the automatic stay in this case.

C. *The Debtor's Opposition*

The Debtor makes many arguments in opposing the Motion. Most of the arguments are irrelevant to the Motion, speculative or ill-founded. The Debtor's main argument appears to be a

general challenge to Movant's standing based on the documentation, an issue addressed above. The Debtor also alleges fraudulent misrepresentation, criminal fraudulent transfer under 18 U.S.C. § 2314, and unclean hands by the Movant. But none of the arguments asserted by the Debtor provide a basis to deny the relief requested.[8]

As an initial matter, the Debtor's arguments must be rejected given the New York state court Foreclosure Judgment. Where a Movant has obtained a valid state court foreclosure judgement establishing a bank's status as a secured creditor, the Bankruptcy Court is not permitted to rule again on the status of that creditor under the *Rooker-Feldman* doctrine (or, in the alternative, *res judicata*). *See Agard v. Select Portfolio Servicing, Inc.*, 2012 WL 1043690 at *4 (E.D.N.Y. Mar. 28, 2012). In this case, like in *Agard*, Deutsche Bank had already obtained a Foreclosure Judgement from the Bronx County Supreme Court before the matter came before this Court. *See* Foreclosure Judgement, Exhibit A to the Reply Affirmation. Thus, the *Rooker-Feldman* doctrine is a bar to this Court revisiting an issue already decided by the state court. *See Agard*, 2012 WL 1043690 at *4.

Moreover, the Debtor's allegations don't provide a basis to deny the requested relief. To discuss one example, the Debtor alleges a claim of fraudulent misrepresentation, which requires a party to establish: "(1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant, (2) the misrepresentation was made for purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance by the plaintiff on the misrepresentation or material omission, and (4) injury." *Lewis v. Wells Fargo Bank, N.A.*, 22 N.Y.S.3d 461, 463 (2d Dep't 2015). The Debtor argues that the MERS assignment system was significantly flawed so

---

[8] The Debtor's Opposition Motion raises a host of irrelevant and unsubstantiated allegations. This Court addresses the main arguments in the Opposition Motion that are worthy of note. The Court has reviewed all of the Debtor's arguments and pleadings in their entirety, and to the extent they are not specifically addressed in this Opinion, the Court has deemed them to be without merit.

12

as to render the assignment invalid, and that First Franklin and Deutsche Bank should have known that MERS was not a valid mortgage assignment system. First and foremost, the Debtor does not explain how an allegation about the Mortgage here is material given that Deutsche Bank holds the Note and the Mortgage follows incident to the Note. *See Lippold*, 457 B.R. at 297 (quoting *Silverberg*, 926 N.Y.S. 2d at 537). Moreover, he fails to present any evidence that either party knew of an actual misrepresentation or omission made during this transaction that was false, or intended for him to rely on said misrepresentation. Opposition Motion ¶ 44. The Debtor also does not allege that he relied on any alleged misrepresentation in accepting the Property deed from Mr. White, nor that he was unaware of which bank held the Note at the time Mr. White executed the deed. He has also not claimed any injury that he has suffered because of the manner of assignment of the Property. Indeed, as the Debtor took title to the Property almost two months after the transfer, it would not have made a difference whether First Franklin or Deutsche Bank was the holder of the Note and Mortgage; the same debt would still have been owed in the same amount regardless of which bank held the Note.

Similarly, the Debtor's allegation about violations of criminal law fail. For example, the Debtor claims that the assignment of the Mortgage and Note to Deutsche Bank was a violation of the criminal statute 18 U.S.C. § 2314 because the assignment "[fit] the requisites of a falsely uttered, counterfeit instrument appearing to genuine [sic], and worth more than $5,000.00 in violation of the National Stolen Property Act." Opposition Motion ¶ 21. As this is a criminal statute, the Debtor as a private citizen does not have standing to assert such a claim. *In re Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings,* 773 F.3d 456, 458 n.4 (2d Cir. 2014) (quoting *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or

13

nonprosecution of another."). In any event, it is entirely unclear how such a statute would be relevant in the matter now before this Court.

The Debtor also argues that Movant's allegedly fraudulent misrepresentation and supposedly criminal actions constitute unclean hands, thus barring them from seeking equitable relief from the automatic stay. Under New York law, "the unclean hands doctrine 'bars the grant of equitable relief where the defendant proves: (1) that the plaintiff is guilty of immoral, unconscionable conduct directly related to the subject matter in litigation; (2) that the conduct was relied upon by the defendant; and (3) that the defendant was injured thereby.'" *In re Ampal-American Israel Corp.*, 545 B.R. 802, 810 (Bankr. S.D.N.Y. 2016) (quoting *Atl. Cas. Ins. Co. v. Coffey,* 548 Fed. App'x 661, 664 (2d Cir. 2013)). For the reasons stated above, the Debtor has not adequately alleged sufficient facts to invoke the unclean hands defense as to the payment obligation that underlies the requested relief, even assuming such a defense could properly be raised before this Court given the existence of the Foreclosure Judgment.[9]

---

[9] Shortly after the Opposition Motion was filed, the Debtor separately filed an adversary proceeding against the Movant Deutsche Bank; MERS; Steven J. Baum P.C.; Pillar Processing; Frenkel Lambert Weiss Weisman & Gordon, LLP; Karen Sheehan; and Unknown Others. *See Sterling v. Deutsche Bank Nat'l Trust Co. et al.*, Adv. Pro. No. 17-01123. In his "Declaratory Judgement Complaint" filed in the adversary proceeding, the Debtor reiterates many of the claims he raises in his Opposition Motion with some additional detail, and asserts additional claims against the defendants. For the purposes of this Decision, the Court addresses only the arguments raised in the Opposition Motion as a defense to the stay relief requested by Deutsche Bank. The Court will address the arguments raised in the Debtor's new adversary proceeding in due course.

14

## CONCLUSION

For the reasons set forth above, the Movant's motion for relief from the automatic stay is granted.

**IT IS SO ORDERED.**

Dated: New York, New York
      January 5, 2018

                                        */s/ Sean H. Lane*
                                        UNITED STATES BANKRUPTCY JUDGE